UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

          Plaintiff,

v.                                                 Case No. 25-cv-583-pp

JARED HOY, *et al.*,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NOS. 2, 5)**

      Plaintiff Robert L. Tatum, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his civil rights were violated. Dkt. No. 1. He also seeks leave to proceed without prepaying the filing fee. Dkt. Nos. 2, 5.

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his lawsuit without prepaying the full case filing fee, if he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the filing fee over time, through deductions from his institutional trust account. Id.

      That said, if an incarcerated plaintiff already has filed more than three cases or appeals that were dismissed as frivolous or malicious or for failure to

state a claim upon which relief can be granted, the plaintiff must prepay the entire $405 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). Commonly known as the "three-strikes" provision, an incarcerated plaintiff is said to have "struck out" once he has accrued three dismissals under this rule.

The plaintiff has struck out. Court records show that the plaintiff has accumulated at least three strikes. See Tatum v. United States, Case No. 15-3291, Dkt. No. 13 (7th Cir. Feb. 3, 2016) (dismissing appeal as frivolous and imposing strike); Tatum v. Fossum, Case No. 15-cv-1395, Dkt. No. 13 (E.D. Wis. Feb. 8, 2016) (dismissing case for failure to state a claim and noting strike); Tatum v. Cimpl, *et al.*, Case No. 14-cv-690, Dkt. No. 9 (W.D. Wis. Feb. 12, 2016) (dismissing case for failure to state a claim and imposing third strike); Tatum v. Cimpl, Appeal No. 16-3974, Dkt. No. 30 (7th Cir. Feb. 21, 2017) (confirming that plaintiff had incurred three strikes "and he is no longer permitted to proceed in forma pauperis under 28 U.S.C. § 1915(g)").

That means the plaintiff may proceed without prepaying the full filing fee only if he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). In making this determination, the Seventh Circuit Court of Appeals has cautioned courts not to evaluate the seriousness of a plaintiff's claims. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2002). But "it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010). Courts routinely deny requests to proceed without prepaying the full

filing fee when the imminent danger allegations are "conclusory or ridiculous" or where they concern only past injuries. Id. (citing Ciarpaglini, 352 F.3d at 330–31) (explaining that "the harm must be imminent or occurring at the time the complaint is filed"). In short, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)).

The complaint alleges that staff at Green Bay have conspired to punish the plaintiff for filing numerous past lawsuits and administrative complaints by depriving him of his property and using "cellmate assignments as a weapon." Dkt. No. 1 at 1. The plaintiff says in his first motion to proceed without prepaying the filing fee that he was housed with another incarcerated person who is "a known white supremist [sic] who was vocally hostile to having a Black cellmate," and the plaintiff is Black. Dkt. No. 2 at ¶1. He says that his current cellmate is "a known enemy" with whom he has "animosity to the point of physical confrontation." Id. He alleges that Green Bay staff know about the hostility and past confrontation, and he says that "physical confrontation could occur again at anytime [sic]." Id. at ¶2.

The allegations in the complaint provide further detail about the plaintiff's claim of imminent danger. The plaintiff says that he asked staff to house him with his brother, who also is incarcerated at Green Bay. Dkt. No. 1 at ¶17. He says that several defendants denied his requests, then taunted him

about the denial. Id. at ¶19. The plaintiff alleges that in November 2023, he was falsely accused of hitting a correctional officer with bread and was sent to segregation. Id. at ¶26. He was released from segregation in January 2024 and assigned to a cell that "was occupied by a known white supremist [*sic*], who was hostilely adverse to having a Black cellmate." Id. at ¶27. The plaintiff says that staff intentionally housed him with this cellmate to create a danger to him. Id. But the plaintiff also alleges that this cellmate "checked himself into seg[regation] rather than fight," so he and this cellmate never came to blows. Id.

The plaintiff alleges that since the time he was housed with the White supremacist cellmate, staff have housed him with incarcerated persons known to identify as "LBG," which he says violates his religious beliefs. Id. at ¶28. He does not allege that he felt unsafe with these cellmates; he says only that he felt "palpable tension" because of their conflicting values. Id. at ¶33. The plaintiff alleges that he and his current cellmate got into a fight in March 2025 over tuna that the cellmate wrongly took from the plaintiff's food tray and gave to another incarcerated person. Id. at ¶35. The cellmate allegedly believed that the plaintiff told him that he could have the tuna. Id. This misunderstanding led to the plaintiff and his cellmate "wrestling" for a few minutes with "neither side winning" until they were "winded, [and] the fight ended." Id. The plaintiff says that he aggravated a shoulder injury during this fight, and he believes that he and his cellmate could have future altercations. Id. at ¶¶36, 39.

4

Case 2:25-cv-00583-PP    Filed 07/08/25    Page 4 of 6    Document 7

The allegations in the complaint make clear that the plaintiff is not currently housed with the White supremacist cellmate with known hostility toward the plaintiff, which would meet the imminent danger exception to §1915(g). See Ciarpaglini, 352 F.3d at 331 (citing Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998)). The plaintiff instead is housed with his current cellmate, who he describes as a "known enemy" based on their brief scuffle over a misunderstanding involving the plaintiff's food. Although the plaintiff says that it is possible that he and his cellmate might get into another fight, this speculative fear of potential future harm is insufficient to meet the imminent danger exception of §1915(g). The plaintiff's allegations about his tension with his cellmate do not describe a "real and proximate" risk of physical harm, nor do his allegations suggest that he faces a "genuine emergenc[y]" or that "time is pressing" to address the threat. Heimermann, 337 F.3d at 782 (quotation omitted). Whether the plaintiff and his cellmate get into another fight is not a matter of time; it is a matter of them learning to coexist. Even if they do get into another altercation, the allegations in the plaintiff's complaint do not suggest that he faced serious physical harm from his cellmate. He says that he and his cellmate wrestled and became "winded" after only a few minutes. The plaintiff's only stated injury was aggravation of a previous shoulder injury. The court will not assume for the purpose of §1915(g) that the plaintiff or his cellmate will initiate another fight or that a potential second fight will be serious or dangerous.

5

The plaintiff's complaint does not allege that he is in imminent danger of serious physical injury. The complaint alleges past harm that occurred because of a misunderstanding and dissatisfaction with the conditions of the plaintiff's confinement that he believes are acts of retaliation intended to violate his religious beliefs. As the court explained above, allegations of past harm and merely possible future harm do not satisfy the exception in §1915(g). See Ciarpaglini, 352 F.3d at 330–31. And the plaintiff's other allegations of retaliation involving his property, cell assignment and other conditions that violate his religious beliefs do not suggest that he is currently in imminent danger of serious physical injury, as is required to proceed under §1915(g). The court will deny the plaintiff's motions to proceed without prepayment of the filing fee. If the plaintiff wishes to proceed in this case, he must prepay the full $405 filing fee.

The court **DENIES** the plaintiff's motions to proceed without prepayment of the filing fee. Dkt. Nos. 2, 5.

The court **ORDERS** that the plaintiff must prepay the $405 filing fee by the end of the day on **August 8, 2025**. If the court does not *receive* the full filing fee by the end of the day on August 8, 2025, the court will dismiss this case without prejudice and without further notice to the plaintiff.

Dated in Milwaukee, Wisconsin this 8th day of July, 2025.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**