UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT L. TATUM,

                Plaintiff,

v.                                      Case No. 25-cv-583-pp

JARED HOY, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO STRIKE (DKT. NO. 8) AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PAY FULL FILING FEE**

---

On July 8, 2025, the court issued an order denying plaintiff Robert L. Tatum's motion for leave to proceed without prepaying the filing fee, because he has accumulated three strikes and his complaint did not allege that he is in imminent danger of serious physical injury. Dkt. No. 7. The court ordered that if the plaintiff wanted to proceed in this lawsuit, he must prepay the full $405 filing fee by August 8, 2025. Id. at 6. The court advised the plaintiff that if he did not pay the full $405 filing fee by August 8, 2025, the court would dismiss this case without prejudice and without further notice or hearing. Id.

The August 8, 2025 deadline has passed, and the court has not received the $405 filing fee or a request from the plaintiff for additional time to pay it. Instead, the court received from the plaintiff a motion for reconsideration and to strike (Dkt. No. 8) and a notice of a constitutional challenge to 28 U.S.C. §1915(g) (Dkt. No. 9).

1

The plaintiff asserts in his motion to reconsider that the court disregarded "key fact[s] [and] controlling authority" in its July 8, 2025 decision. Dkt. No. 8 at 1. He says that the court improperly determined that his allegations of staff at Green Bay Correctional Institution "using cellmate assignments as a weapon" did not meet the imminent danger exception in §1915(g). Id. He asserts that the court applied an incorrect standard and should have viewed his allegations in the "light most favorable to [him] as complainant [and] draw[n] reasonable inferences in [his] favor." Id. He asserts that his allegations show more than "mere harassment" and "have already resulted in a physical altercation w/serious injury." Id. He contends that since he filed his complaint, prison staff have moved him "to a more dangerous area of the prison" to increase the chances of him being in another fight and suffering harm. Id. at 1–2.

The plaintiff then takes issue with the court's characterization of the previous fight with his cellmate. Id. at 2. He discusses several possible harms that may befall participants in a fight, including the risk that one will "trip [and] fall into a desk of metal seat (causing serious injury)." Id. He says that "just because it didn't happen does not mean that wasn't a risk, then [and] now." Id. The plaintiff asserts that the court's view of the potential harm he faces in prison is unrealistic and narrow. Id. at 2–3. He accuses the court of wrongly evaluating the seriousness of his allegations and mischaracterizing his claim. Id. at 3.

The plaintiff ends his motion by asserting that his past strikes are invalid because §1915(g) is unconstitutional, and he asks the court to strike §1915(g). Id. at 3–4. He says that strikes imposed under §1915(g) in cases that present

2

Case 2:25-cv-00583-PP   Filed 08/25/25   Page 2 of 7   Document 12

"'close call' logical extension claims" deny the incarcerated plaintiff access to the courts and constitute retaliation in violation of the First Amendment. Id. at 3. He claims courts that impose a strike without a hearing violate the incarcerated plaintiff's right to due process. Id. at 4. Finally, he asserts that incarcerated persons should not receive strikes "for EXACT claims lawyers, etc." are making. Id. He says that this practice violates the Fifth Amendment's "equal protection guarantees." Id. The plaintiff reiterates these points in his "Notice of Constitutional Challenge" that he filed separately. Dkt. No. 9.

The plaintiff brings his motion under Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight days of the entry of judgment. But the court has not entered judgment, so Rule 59(e) does not apply. The court analyzes the plaintiff's motion under Federal Rule of Civil Procedure 54(b), which allows a court to revise an order or decision "that adjudicates fewer than all the claims . . . [and] does not end the action as to any of the claims or parties" at any time *before* entry of judgment. Motions for reconsideration serve a limited function. They allow the court to correct manifest errors of law or fact or allow the plaintiff to present newly discovered evidence that was not available before the court ruled. Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing parties to reargue issues decided against them. Id. at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life

Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff disputes the court's characterization of the allegations in his complaint and asserts that the court applied an incorrect legal standard in its July 8, 2025 order. But the allegations in the complaint belie the plaintiff's assertions. As the court explained in the July 8 order, the plaintiff alleged that Green Bay staff housed him with a "White supremacist cellmate," but also said that he and that cellmate "never came to blows." Dkt. No. 7 at 4 (citing Dkt. No. 1 at ¶¶27, 28). He and a new cellmate did get into a fight "over tuna that the cellmate wrongly took from the plaintiff's food tray and gave to another incarcerated person." Id. (citing Dkt. No. 1 at ¶35). But the plaintiff alleged only "that he aggravated a shoulder injury during this fight," which ended when he and the cellmate became "'winded'" after wrestling "for a few minutes." Id. (citing Dkt. No. 1 at ¶¶35–36, 39). Despite the plaintiff's description of his cellmate "as a 'known enemy,'" the court determined that his allegations did "not describe a 'real and proximate' risk of physical harm" or "suggest that he faces a 'genuine emergenc[y]' or that 'time is pressing' to address the threat." Id. at 5 (citing Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003)). The plaintiff's complaint contained only "allegations of past harm and merely possible future harm [that] do not satisfy the exception in §1915(g)." Id. at 6 (citing Ciarpaglini v. Saini, 352 F.3d 328, 330–31 (7th Cir. 2002)).

The plaintiff may disagree with the court's conclusions or the characterization of his fight with his cellmate, but those disagreements are the

basis for an appeal, not for reconsideration under Rule 54(b). See Burney v. Thorn Americas, Inc., 970 F. Supp. 668, 671 (E.D. Wis. 1997) (citing Caisse Nationale, 90 F.3d at 1270) ("Appeal, not reconsideration, is the time to deal with the majority of legal errors; therefore, a party may not reargue what the court has already rejected."). The plaintiff's new allegation that he has been moved in the prison to increase his risk of harm is speculative, which the court previously explained "is insufficient to meet the imminent danger exception of §1915(g)." Dkt. No. 7 at 5. The same is true about his concern regarding future fights that *may* occur or harm that he *might* suffer *if* he gets into another fight. As the court explained in the July 8 order, "[t]he court will not assume for the purpose of §1915(g) that the plaintiff or his cellmate will initiate another fight or that a potential second fight will be serious or dangerous." Id.

Finally, the court rejects the plaintiff's challenges to §1915(g). First, the plaintiff has waived these challenges by waiting to bring them until his motion for reconsideration. See RCBA Nutraceuticals, LLC v. ProAmpac Holdings, Inc., 108 F.4th 997, 1005 (7th Cir. 2024) (citing Baker v. Lindgren, 856 F.3d 498, 503 (7th Cir. 2017); and In re Outboard Marine Corp., 386 F.3d 824, 828 (7th Cir. 2004)). Second, the Seventh Circuit Court of Appeals has held that the three-strikes provision of §1915(g) does not deny incarcerated persons equal protection of the law or violate their due process right to access the courts. Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002). Third, another judge in this district previously rejected the plaintiff's challenge to his past strikes under §1915(g) and his argument about "close call" cases. See Tatum v. Henderson,

Case No. 19-C-1591, 2020 WL 3051536, at *2 (E.D. Wis. June 8, 2020). This court has no reason to revisit that decision or engage in a different analysis. The court echoes what Judge Adelman told the plaintiff in his decision: "To the extent the plaintiff believes the courts made errors in dismissing his prior cases or appeals, his remedy was to pursue whatever direct appeal rights he had remaining at the time the errors were committed." Id.

Finally, the court received from the plaintiff a letter asking the court to docket the institutional trust account statement that he filed in this case (Dkt. No. 10) in another of his cases (Case No. 22-cv-1040). Dkt. No. 11. The court will deny this request. Case 22-cv-1040 is closed; Judge Joseph ordered that by May 9, 2025, the plaintiff must provide a certified copy of his trust account statement for the six-month period immediately preceding the date of his notice of appeal—January 15, 2025. Tatum v. Walton, Case No. 22-cv-1040, Dkt. Nos. 97, 109. Judge Joseph later denied the plaintiff's request to proceed on appeal without prepaying the appellate filing fee because he did not submit his trust account statement as she had ordered. Id., Dkt. No. 112. This court will not allow the plaintiff to skirt his obligations in another case before a different judge by filing his paperwork for him. Moreover, the trust account statement that the plaintiff filed in this case covers January 27 through July 28, 2025. Dkt. No. 10. That is not the six-month period that Judge Joseph ordered the plaintiff to provide in Case No. 22-cv-1040, so the trust account statement the plaintiff filed in this case would not comply with Judge Joseph's order.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 8.

6
Case 2:25-cv-00583-PP   Filed 08/25/25   Page 6 of 7   Document 12

The court **ORDERS** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to pay the $405 filing fee. The clerk will enter judgment accordingly.

The court **ORDERS** that in accordance with 28 U.S.C. §1915(b)(1), the plaintiff is required to pay the full $405 filing fee. The agency that has custody of the plaintiff shall collect from his institution trust account the **$405** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution, where the plaintiff is incarcerated.

Dated in Milwaukee, Wisconsin this 25th day of August, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**