UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

Plaintiff,

v. Case No. 25-cv-583-pp

JARED HOY, *et al.*,

Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO CLARIFY, MOTION FOR RECONSIDERATION AND MOTION TO DISQUALIFY JUDGE (DKT. NO. 17)**

On August 25, 2025, the court denied plaintiff Robert L. Tatum's motion for reconsideration of the court's July 8, 2025 order denying his motion to proceed without prepaying the filing fee because he has accumulated three strikes under 28 U.S.C. §1915(g) and because the complaint did not allege that he was in imminent danger of serious physical injury. Dkt. No. 12. The court dismissed the case without prejudice because the plaintiff did not pay the full $405 filing fee and his deadline to pay it had passed. Id. at 1, 7. On November 20, 2025, the court denied the plaintiff's motions (Dkt. Nos. 14, 15) for reconsideration of the court's August 25, 2025 order. Dkt. No. 16. On December 4, 2025, the plaintiff filed a motion to clarify facts, motion for reconsideration of the court's November 20, 2025 order, and motion to disqualify Judge Pepper due to improper bias. Dkt. No. 17. He contends that the court's December 4, 2025 order misstates facts, disregards precedent and shows unfair bias. Id. at 1. This order addresses the plaintiff's motions.

## I. Motion to Clarify

In his motion to clarify, the plaintiff says that he was not "accusing all judges on the court" of dispensing tyranny from the bench, he "was accusing [Judge Pepper] since that is what [he] ha[s] proof of[.]" Id. at 2. The plaintiff also states that he "quoted SCOTUS JUDGES & cited recent events supporting their logic, [he] didn't issue threats etc. as insinuated." Id. According to the plaintiff, the court's November 20, 2025 order says that he was accusing all judges on the court of dispensing tyranny from the bench. Id. (citing Dkt. No. 16 at 1). The plaintiff states that he "can see how [his] words 'you and your colleagues' could be construed to mean all judges, so [he] want[s] to clarify that [he] meant [Judge Pepper] and the contingent of judges who do the same that [he's] encountered in the WI & 7th Circuit judiciary[.]" Id.

The plaintiff also says that the court's November 20, 2025 order says that he "accuse[] the court of violating the law by denying [his] motion" and "suggests that the court may face violence if it continues to violate federal law," insinuating that the plaintiff was "issuing threats, or using hostile & abusive language" warranting dismissal. Id. (citing Dkt. No. 16 at 4). The plaintiff clarifies that he did not claim that denying his motion violated federal law; rather, he alleged that the court "was openly disobeying mandatory law & conspiring against his right to fair trial/hearing on his claims, which violates 18 U.S.C. §241[.]" Id. The plaintiff states that he did not use abusive or hostile language. Id. He says that he only cited "SCOTUS exact quotes on how judges acting in this manner has severe ripple effects on society, breeding contempt of

law & that persons become 'a law unto themselves,' seeking vigilante justice, and cited the recent event related to Luigi Mangione as evidence the logic claimed by the justices was correct." Id. The plaintiff asserts that this was not a threat or abuse, but an attempt to make the court fully aware of the effects of its flagrant disregard of the law and litigants' rights. Id. He requests a "public apology" for the insinuation that he intended to threaten the court. Id. The plaintiff also asks that the court use direct quotes of his filings instead of trying to recast them in the court's own words. Id.

The court's November 20, 2025 order, dkt. no. 16, addressed the plaintiff's August 29, 2025 and September 5, 2025 motions for reconsideration, dkt. nos. 14, 15. The plaintiff's August 29, 2025 motion for reconsideration contains the following paragraph in which he argued that the court erred in determining that 28 U.S.C. §1915(g) did not violate the Constitution:

> And despite my notice per FRCivP. 5.1, this Court failed to obey MANDATORY law under 28 USC 2403 to alert the US Atty. Gen. to my claim; it seems that obeying the law isn't a priority to the court, making the errors pointed out more poignant & evincing a serious problem: You and your colleagues have grown comfortable with doing what you will, not what the law & your oath of office requires, and dispensing tyranny from the bench & not justice. But, believe it or don't, justice WILL have its laugh last & you are only creating problems for yourself in the end, which smart judges have forewarned: When judges appear to become 'accomplices in the willful disobedience of a Constitution they are sworn to uphold, they imperil the very foundation of [] people's trust in their Government on which our democracy rests.' On Lee v. U.S., 343 U.S. 747, 758-59 (1952). 'In a gov. of laws, [its] existence . . . will be imperiled if it fails to observe the law scrupulously. For good or for ill, it teaches the whole people by its example. If the gov. becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law until himself; it invites anarchy.' Olmstead v. U.S., 277 U.S. 438, 485 (1928). So keep it up; not only is what you are doing serious Fed. crimes, e.g., 18 USC 241, eventually there will be some 'Luigi

> Mangione' gunning for you & your families, invited by your own conduct & contempt of law - - A man becoming a law unto himself, like you have shown by way of example. For every action is an equal-opposite reaction in response, & you are only piling up consequences of which you were forewarned by your peers. [PS. I DID file appeal of the 3-strikes ruling, & the 7th Circuit refused to hear it, violating its own Robinson v. Powell precedent, as I stated in my motion.]

Dkt. No. 14 at 2. Although the court acknowledges the plaintiff's clarification of what he says he meant by some of the comments in this paragraph, it does not change what he said. It also is not relevant. The court advised the plaintiff in its November 20, 2025 order that it *could* dismiss a case in which the plaintiff issues threats. But the court did not dismiss the case based on the plaintiff's language, or on perceived threats. Because the exact meaning of the plaintiff's language is irrelevant, the court will deny his motion for clarification.

## II. Motion for Reconsideration

The plaintiff brings his motion for reconsideration under Federal Rule of Civil Procedure 59(e). Id. He filed the motion more than two months after the court entered judgment. A motion under Rule 59(e) must be filed no later than twenty-eight days after entry of judgment. The court cannot extend the time to file a motion under Rule 59(e). Fed. R. Civ. P. 6(b)(2). Although the court cannot consider the plaintiff's motion under Rule 59(e), it can consider it under Rule 60(b).

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837

(7th Cir. 2005)). Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)

The plaintiff contends that the court "failed to correct several manifest errors of law & fact and interpreted/applied Rule 59(e)/reconsideration standards in a manner which makes the rules superfluous, obsolete and/or subject to only arbitrary application as opposed to a clear standard." Dkt. No. 17 at 2. He states that the court incorrectly said that his claim was that the court did not properly consider the seriousness of his injury when determining whether he met the imminent danger exception. Id. at 3. He says that his "claim was the opposite: The judge improperly considered seriousness as Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003) forbids." Id. According to the plaintiff, the court's November 20, 2025 order admits that it "did [improperly] consider the severity of [his] injury" in its assessment of imminent danger for

the July 8, and August 25 orders, which were "manifest errors of law in disregard of Ciarpaglini." Id. (citing Dkt. No. 16 at 3-4).

The plaintiff's August 29, 2025 motion for reconsideration states in part: "Also not mentioned was my citation to Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2023) & the judge's error in evaluating 'seriousness of injury' as that case forbids." Dkt. No. 14 at 2. The court's November 20, 2025 order incorrectly states that the plaintiff said in his August 29, 2025 motion that the court *disregarded* the "seriousness of injury" when evaluating whether his complaint satisfied the imminent danger exception of §1915(g). Dkt. No. 16 at 2. The court's November 20, 2025 also states that it *did* consider the severity of the plaintiff's injury in the August 25, 2025 order and in its July 8, 2025 order denying his motion to proceed without prepaying the filing fee. Id. at 4 (citations omitted).

The court's misstatement of the plaintiff's argument in its November 20, 2025 order does not demonstrate that the court erred in its determination that the plaintiff did not allege that he was under imminent danger of serious physical injury. The court *followed* Ciarpaglini in making that determination. See Dkt. No. 7 at 2 ("[T]he Seventh Circuit Court of Appeals has cautioned courts not to evaluate the seriousness of a plaintiff's claims. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2002).").

> The allegations in the complaint make clear that the plaintiff is not currently housed with the White supremacist cellmate with known hostility toward the plaintiff, which would meet the imminent danger exception to §1915(g). See Ciarpaglini, 352 F.3d at 331 (citing Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998)). The plaintiff instead is housed with his current cellmate, who he describes as a

> "known enemy" based on their brief scuffle over a misunderstanding involving the plaintiff's food. Although the plaintiff says that it is possible that he and his cellmate might get into another fight, this speculative fear of potential future harm is insufficient to meet the imminent danger exception of §1915(g). The plaintiff's allegations about his tension with his cellmate do not describe a "real and proximate" risk of physical harm, nor do his allegations suggest that he faces a "genuine emergenc[y]" or that "time is pressing" to address the threat. Heimermann, 337 F.3d at 782 (quotation omitted). Whether the plaintiff and his cellmate get into another fight is not a matter of time; it is a matter of them learning to coexist. Even if they do get into another altercation, the allegations in the plaintiff's complaint do not suggest that he faced serious physical harm from his cellmate. He says that he and his cellmate wrestled and became "winded" after only a few minutes. The plaintiff's only stated injury was aggravation of a previous shoulder injury. The court will not assume for the purpose of §1915(g) that the plaintiff or his cellmate will initiate another fight or that a potential second fight will be serious or dangerous.
>
> The plaintiff's complaint does not allege that he is in imminent danger of serious physical injury. The complaint alleges past harm that occurred because of a misunderstanding and dissatisfaction with the conditions of the plaintiff's confinement that he believes are acts of retaliation intended to violate his religious beliefs. As the court explained above, allegations of past harm and merely possible future harm do not satisfy the exception in §1915(g). See Ciarpaglini, 352 F.3d at 330–31. And the plaintiff's other allegations of retaliation involving his property, cell assignment and other conditions that violate his religious beliefs do not suggest that he is currently in imminent danger of serious physical injury, as is required to proceed under §1915(g).

Id. at 5-6.

The plaintiff also contends that the court erred when it said that it would not revisit the plaintiff's challenge to the constitutionality of 28 U.S.C. §1915(g). Id. The plaintiff claims that the court never properly addressed his arguments. Id. According to the plaintiff, the court improperly said that he waived his challenges. Id. The court addressed the plaintiff's challenge to the constitutionality of §1915(g) in its August 25, 2025 order. Dkt. No. 12 at 5-6. In

that order, the court first said that the plaintiff had waived his challenge to the constitutionality of §1915(g). Id. at 5. The court also said that Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002) holds that §1915(g) does not deny incarcerated persons equal protection of the law or violate their due process right to access the courts and that in Tatum v. Henderson, Case No. 19-C-1591, 2020 WL 3051536, at *2 (E.D. Wis. June 8, 2020), another judge in this district had rejected the plaintiff's challenge to his past strikes and his argument about "close call" cases. Id. at 5-6. In its November 20, 2025 order, the court said that it would not revisit the plaintiff's challenges to the constitutionality of §1915(g) and reminded the plaintiff that his "disagree[ments] with the court's conclusions . . . are the basis for an appeal, not for reconsideration." Dkt. No. 16 at 3.

The plaintiff contends that the court's November 20, 2025 order presents its own set of issues and "manifest errors" because the court deemed the plaintiff's new evidence "of staff stating an imminent attack was planned against [him] by inmate(s) in the more dangerous area of the prison they moved [him] to, and their refusal to move [him] to a separate cell hall to avoid it, is insufficient to meet imminent danger exception requisites as well." Dkt. No. 17 at 4. The plaintiff states that the court incorrectly claimed that his complaint was not about staff failing to protect him from an imminent attack by an unknown incarcerated person. Id. He says that his complaint alleges that Green Bay staff "conspired to punish [him] for filing numerous past lawsuits and [formal] complaints by intentionally housing [him] with 'a known enemy.'"

Id. The plaintiff asserts that staff refused to move him to avoid the planned attack, which is evidence that staff have an interest in the attack occurring. Id.

In its November 20, 2025 order, the court determined that the plaintiff's new allegation in his September 5, 2025 motion for reconsideration that staff failed to protect him from a possible attack from an unknown incarcerated person by denying his request to move to another housing unit was unrelated to his original claim that staff intentionally housed him with a known enemy to cause him harm. Dkt. No. 16 at 6. The court advised the plaintiff that if he wanted to proceed on these new allegations, he must file a new complaint against the proper defendants. Id. at 7.

The plaintiff continues to challenge the court's prior orders. Because the court cannot consider the plaintiff's motion under Rule 59(e), his contention that the court's November 20, 2025 order contains manifest errors of law and fact is misplaced. The court will not continue to revisit these issues, as it previously told the plaintiff in its November 20, 2025 order. Dkt. No. 16 at 3 ("The court explained in its previous order that the plaintiff's 'disagree[ments] with the court's conclusions . . . are the basis for an appeal, not for reconsideration.' [Dkt. No. 12] at 4-5 (citing Burney v. Thorn Americas, Inc., 970 F. Supp. 668, 671 (E.D. Wis. 1997) (citing Caisse Nationale De Credit Agricole v. CBI Indus. Inc., 90 F.3d 1264, 1270 (7th Cir. 1996) ('Appeal, not reconsideration, is the time to deal with the majority of legal errors; therefore, a party may not reargue what the court has already rejected.'))."

The plaintiff is not entitled to relief under Rule 60(b). The court will deny his motion for reconsideration.

## III. Motion for Recusal

The plaintiff contends that Judge Pepper must recuse herself under 28 U.S.C. §455 because the evidence proves that she is impermissibly biased which makes fair judgment impossible. Dkt. No. 17 at 5. The plaintiff claims that the court's rulings "prove deep-seated favoritism/antagonism which is making fair judgments being received by the plaintiff an impossibility; and subjecting proof to the normal rules/principles of evidence, this judge has admitted to having and exhibiting unfair bias in this case, requiring recusal." Id. According to the plaintiff, the court intentionally misconstrued the plaintiff's citation to "direct SCOTUS quotes in On Lee v. US, and Olmstead v. US, and reference to a current event that proves the quotes' logic, to insinuate that [the plaintiff] threatened violence & was using hostile language, as a personal attack to harm [his] public image & reputation." Id.

The plaintiff contends that the court's orders intentionally misstate law and facts to deny him a fair hearing. Id. at 6. He states that the court's July 8, 2025 order did not evaluate his claim that Green Bay staff was retaliating by depriving him of his property and using cellmate assignments as a retaliatory weapon. Id. The plaintiff also states that the court did not cite or apply the screening standard. Id.

The plaintiff contends that the court's August 25 and November 20, 2025 orders used misstatements of law and fact to deny him a fair hearing on his

§1915(g) constitutionality claim. Id. He states that the court misstated his §1915(g) challenges in that he never mentioned "access to the courts" related to his First Amendment claims. Id. The plaintiff asserts that his due process claim was "strike imposition & deprivation of in forma pauperis leave without 'some hearing' prior to is violative of the 5th Am., but this was intentionally misstated to minimize the apparent merit to the claim; and [his] equal protection claim was that giving inmates PLRA strikes for the same claims lawyers are allowed to file without sanction under F.R.Civ.P. 11(b-c) is violative, but this was intentionally misstated to minimize the apparent merit to the claim." Id. The plaintiff contends that the court intentionally misstated his allegations to be "accus[ing] the court of violating the law by denying [his] motion," when his "Dkt. #14" motion clearly states it to be 'this Court failed to obey MANDATORY law under 28 USC 2403 to alert the US Atty. Gen. to his [1915(g) unconstitutionality] claim[s].'" Id. The plaintiff contends that the court intentionally misstates his "Dkt. #15 motion claims to be an assertion that his facts are 'near identical' to those in Ciarpaglini [v. Sain]," when the motion states that his facts materially match an example cited in that case wherein the imminent danger exception was met by facts showing prison staff's refusal to move an incarcerated individual to a safe location. Id. The plaintiff contends that the court falsely asserted that his new allegations are unrelated to his original claim to justify denying him a fair hearing. Id. at 7.

The plaintiff contends that the court's August 25 and November 20 orders "suppressed [his] citations to controlling [and] binding authority [and]

key fact alleged to have been disregarded [and] representative of 'manifest error.'" Id. He maintains that a reasonable observer would doubt that justice has been done in this case, bringing Judge Pepper's impartiality into question and requiring recusal. Id. at 8.

Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."[1] The plaintiff alleges only actions by the judge that occurred in the course of judicial proceedings. "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). In Thomas v. Dart, 39 F.4th 835, 844 (7th Cir. 2022), a plaintiff claimed that a trial judge displayed bias because his attempt to bring new claims against new defendants was "ignored and dismissed without as much as a single mention in the court's orders." The court of appeals found that although the factual record disputed the plaintiff's assertion, the "main stumbling block for [the plaintiff was] a legal one." Id. "By itself, an adverse judicial ruling does not provide a valid basis for questioning a judge's impartiality." Id. (citing Liteky, 510 U.S. at 555 and United States v. Martin, 21 F.4th 944, 945 (7th Cir. 2021)).

The plaintiff's contention that Judge Pepper has demonstrated bias against him stems from his disagreement with the court's orders that his complaint did not allege that he was under imminent danger of serious

[1] The plaintiff does not invoke any of the specific bases for recusal set forth in §455(b).

physical injury under §1915(g). The plaintiff has filed four motions for reconsideration, and he has challenged the constitutionality of §1915(g). The court's orders have reiterated the court's reasoning and addressed the plaintiff's arguments in which he disagrees with the court's decisions. An objective observer would not conclude that the court is biased against the plaintiff. "Errant decisions are grounds for appeal, not seeking a judge's recusal." Id. (citing Liteky, 510 U.S. at 555). The court will deny the plaintiff's motion for recusal.

## IV. Conclusion

The court **DENIES** plaintiff's motion to clarify. Dkt. No. 17.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 17.

The court **DENIES** the plaintiff's motion to disqualify judge. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 7th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**